UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL BRANDON SPICER,         )
                                )
        Petitioner,              )
                                )
    v.                           )    CAUSE NO. 3:17-CV-579-JD-MGG
                                )
WARDEN,                          )
                                )
        Respondent.              )

OPINION AND ORDER

Michael Brandon Spicer, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (ISP 17-02-274) at the Indiana State Prison on March 1, 2017, where a Disciplinary Hearing Officer (DHO) found him guilty of disorderly conduct in violation of Indiana Department of Correction (IDOC) policy B-236. ECF 1 at 1. As a result, he lost 30 days earned credit time. *Id.* The Respondent has filed the administrative record and Spicer filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

As a threshold matter, the DHO had sufficient evidence to find Spicer guilty of disorderly conduct. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Spicer was found guilty of violating IDOC offense B-236, disorderly conduct, which prohibits inmates from "exhibiting disruptive and violent conduct

2

which disrupts the security of the facility or other area in which the offender is located."

Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

>The Conduct Report charged Spicer as follows:
>
>On 2-21-2017 at approx. 1835 hrs offender Spicer 109160 was yelling and screaming and banging items in his cell, offender Spicer 109160 also can be heard encouraging others to participate in his disruptive behavior. I ofc. M. Razo spoke to offender Spicer twice to discontinue his disruptive behavior but continued until a special shakedown squad arrived.

ECF 5-1 at 1.

>Officer Trute provided the following statement regarding the incident:
>
>On 2-21-17 at approx. 1830 hours, Offender Spicer DOC #109160 was causing a disturbance in C-pod Cell C 1-4 by yelling and banging on items inside his cell. Offender Spicer was also heard yelling to other offenders to act out if a white hat did not come to see him.

ECF 5-1 at 2.

>Lieutenant Watson also provided a statement regarding the incident:
>
>On this date 2-21-2017 Officer Razo call[ed] the Captain[']s Office and notified me Lt. A. Watson that offender Spicer 109160 [was] causing a disruption by yelling and scre[a]ming about waiting to get a breathing treatment. Officer Razo contacted the Nurse[']s Station and they said bring him over but it would be just a little wait because of dealing with other emergency and he had to wait for an escort to get him to MSU. After offender Spicer[']s trip to MSU I Lt. A. Watson did have a conversation with offender Spicer and told him he was going to be written up for a Disorderly Conduct for his behavior on the PCU unit.

ECF 5-3 at 1.

3

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Spicer guilty of violating offense B-236. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Officer Razo detailed his first-hand observation of Spicer's disorderly conduct. In it, he memorialized the fact that Spicer was yelling, screaming, and banging items in his cell, as well as encouraging other offenders to participate in his disruptive behavior. ECF 5-1 at 1. Officer Razo noted that, on two occasions, he spoke to Spicer and asked him to discontinue his disruptive behavior but Spicer refused to do so. *Id*. As a result, a special shakedown squad was called upon to address Spicer's behavior. *Id*. There is also more evidence as the record contains two statements from prison officials. Officer Razo's conduct report is corroborated by Officer Trute's and Lieutenant Watson's statements detailing Spicer's disruptive and disorderly behavior. ECF 5-1 at 2, ECF 5-3 at 1. Therefore, there was sufficient evidence for the DHO to find Spicer guilty of disorderly conduct.

Nevertheless, Spicer argues there are four grounds which entitle him to habeas corpus relief. In Ground One, he asserts that his due process rights were violated because the DHO refused to ask his requested witness some questions. ECF 1 at 2-3, ECF 1-7 at 3, ECF 14 at 2-3. A prisoner has a right to call witnesses and present documentary evidence in a prison disciplinary proceeding. *Wolff*, 418 U.S. at 566. That was satisfied here.

4

The court's review of the record shows that Spicer requested Lieutenant Watson as a witness in his defense when he was given notice of the charge. ECF 5-2 at 1. Spicer sought a statement from Lieutenant Watson because he had a conversation with Lieutenant Watson after the incident about Officer's Razo's delay in providing him with medical treatment. ECF 1 at 2-3, ECF 5-2 at 1, ECF 14 at 2-3. The DHO requested a statement from Lieutenant Watson regarding his knowledge of the incident. ECF 5-3 at 1. Lieutenant Watson provided a statement detailing the incident. *Id*. Nevertheless, Spicer argues the DHO violated his right to call a witness because the DHO did not ask Lieutenant Watson specific questions about the conversation he had with Lieutenant Watson after the incident. ECF 1 at 2-3, ECF 1-7 at 3, ECF 14 at 2-3. However, Spicer does not have a right to confront or cross-examine witnesses that give evidence against him. *Wolff*, 418 U.S. at 566-67. The DHO's failure to ask Lieutenant Watson those questions Spicer would have liked the DHO to ask him does not amount to a due process violation. *Id*. While Spicer had the right to request a witness, he did not have the right to have certain questions asked of that witness. Therefore, Ground One does not identify a basis for granting habeas corpus relief.

In Ground Two, Spicer contends the DHO was biased or partial because she discussed the case with Lieutenant Watson and was directly involved in the investigation of the underlying offense. ECF 1 at 3, ECF 1-7 at 3-4, ECF 14 at 3-4. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*,

342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

Spicer contends the DHO's bias is evidenced by her email exchange with Lieutenant Watson prior to the hearing. ECF 1 at 3, ECF 1-7 at 3-4, ECF 14 at 3-4. However, the court's review of the record shows that the DHO simply requested a statement from Lieutenant Watson because Spicer listed him as a witness during the screening process. ECF 5-2 at 1, ECF 5-3 at 1. The email exchange consisted of the DHO's request for the statement and Lieutenant Watson's response to the DHO with his statement about the incident. ECF 5-3 at 1. The email exchange does not contain any discussion between the DHO and Lieutenant Watson about the incident or investigation. *Id*. Thus, Spicer has not shown that the DHO was biased or partial because she was not directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. Rather, the DHO simply fulfilled her role as a fact-finder by requesting a statement from Lieutenant Watson, which Spicer asked her to do. ECF 5-2 at 1. Therefore, Ground Two does not identify a basis for granting habeas corpus relief.

In Grounds Three and Four, Spicer contends his Eighth Amendment rights were violated because Officer Razo did not perform regular security checks and his hearing

6

was held in a common area.  ECF 1 at 4-5, ECF 1-7 at 4-5, ECF 14 at 4-5.  Unlike his other grounds, these two grounds do not question whether Spicer was afforded due process as it relates to his disciplinary hearing.  Because his Eighth Amendment claims do not affect the fact or length of his custody, they cannot be remedied in a habeas corpus petition pursuant to Section 2254.  *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001).  If Spicer wishes to challenge his conditions of confinement, he must assert those claims under 42 U.S.C. § 1983, rather than in a habeas corpus proceeding under 28 U.S.C. § 2254.  *Id*.  Therefore, Grounds Three and Four do not identify a basis for habeas corpus relief.

If Spicer wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding.  *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009).

For these reasons, Michael Brandon Spicer's petition for writ of habeas corpus is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED on April 23, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT